UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-50106-02 |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S FIRST MOTION IN LIMINE, GRANTING DEFENDANT'S SECOND MOTION IN LIMINE** |
| | ) | |
| vs. | ) | |
| | ) | |
| STEPHANIE ANN SUTHERLAND, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant has filed a first motion in limine to exclude 24 pieces of evidence at Defendant's trial.  Docket 47-48.  The Government has responded to this motion.  Docket 56.  Defendant has also filed a second motion in limine specifically addressing statements of a co-defendant, Michael Henley.  Docket 52.  The Government has also filed a response to this motion.  Docket 57.  For the reasons stated below, both of Defendant's motions in limine are granted in part and denied in part.  The Court addresses each request in turn.

**1.  Testimony by Trooper Oxner**

First, Defendant seeks to exclude testimony from Highway Patrol Trooper Matt Oxner regarding his suspicions about the presence of drugs based on his observations.  Docket 47.  Defendant argues that such testimony is expert testimony, and that Trooper Oxner is not an expert and his testimony is not admissible under Federal Rule of Evidence 702 and

Daubert. Docket 48, page 7-8. The Government argues that such testimony is admissible under Federal Rule of Evidence 701, which permits opinion testimony from lay witnesses.

The Court is unclear exactly what testimony the Government will solicit from Trooper Oxner. Nevertheless, as to Oxner's observations regarding the facts of the traffic stop and the inferences he drew from those observations, the Court believes that such statements fall within Federal Rule of Evidence 701. Such opinions and inferences are permissible when offered by lay witnesses when they are not grounded in "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. Based on the information before the Court, it does not believe that Oxner's testimony will stray into areas of specialized knowledge or outside the realm of inferences the jury may make for themselves based on their own understanding and experiences. Thus, such observations and inferences are admissible under Federal Rule of Evidence 701. However, should Trooper Oxner testify as to conclusions based on specialized knowledge, the Court may reconsider this ruling. See United States v. White, 890 F.2d 1012, 1014 (8th Cir. 1989) (concluding that courts may "allow law enforcement officials to testify as experts concerning the modus operandi of drug dealers and other criminals in areas concerning activities which are 'not something with which most jurors are familiar'").

Defendant also seeks to exclude Oxner's opinions about what occurred on the video taken by the camera in the patrol vehicle. Docket 48,

page 9. Defendant argues that "[t]he best evidence is the video and [it] does not need contemporaneous interpretation by the trooper." Id. In response, the Government argues that contemporaneous commentary on the video does not violate the best evidence rule. Docket 56, page 2. The Court agrees with the Government. Federal Rule of Evidence 1002 states that to prove the content of a recording, only the original is required, and neither the rule nor any annotation mentions anything about the inadmissibility of further testimony regarding the original recording. The Court believes that Oxner's opinions about what occurred on the video are relevant and helpful to the jury. See Fed. R. Evid. 401. Thus, such opinions are admissible, and Defendant's motion to exclude contemporaneous commentary from Oxner regarding the video tape is denied.

**2. Personal Items Belonging to Defendants**

Defendant also seeks to exclude evidence seized in the traffic stop, including money, personal items belonging to both Defendants, a car rental agreement, other paperwork, a knife, bottles of tequila, baggies with crack cocaine and marijuana, rubber bands, a navigation system, phone chargers, a watch, and "[o]ther personal items obtained by Defendants, if any." Docket 47, page 1-2. Defendant argues that these items are inadmissible under Federal Rule of Evidence 401 and 403, in that they are not relevant, or, if they are relevant, the danger of unfair prejudice outweighs their probative value. Docket 48, page 9. In response, the Government requests that the Court delay its ruling on these pieces of evidence to rule on the

question at trial, where their admissibility is more easily evaluated.  Docket 56, page 2.  Further, the Government does not object to exclusion of the following pieces of evidence: Item 18, photos of Defendants in restraints; Item 21, Henley's criminal history; and Item 22, Test results of a urine sample from Defendant Henley.  Thus, with regard to Items 18, 21, and 22, Defendant's motion is granted.

Reviewing the evidence specified by Defendant in her motion in limine, the Court believes it can at this time make a preliminary determination that some of the pieces of evidence are admissible under Federal Rules of Evidence 401 and 403.  The Court believes that Items 2-4, 7-10, and 24 appear at this time to be relevant under Rule 401, and it notes that Chief Judge Karen E. Schreier has already ruled that some of these items are admissible.  See Docket 39.  This includes some of the physical evidence seized in the traffic stop as well as the videotape of the traffic stop.  Further, the Court has conducted the balancing test required in Rule 403 and concludes that the probative value of these items outweighs any danger of unfair prejudice.  Thus, with respect to these items, Defendant's motion is denied.

With regard to Items 5-6, 11-15, the Court is unable to make a determination at this point as to their relevance and any probative or prejudicial value to the evidence.  This evidence includes some items seized in the traffic stop as well as "South Dakota state tickets or prosecution in subject matter."  Thus, the Court reserves ruling on these items of evidence.

With regard to Item 17, Defendants' mug shots, the Court does not believe that such photographs would be relevant to the case at hand, and worries that they would be overly prejudicial under Rule 403. Thus, at this time the Court grants Defendant's motion and rules these mug shots inadmissible. However, upon a showing from the Government of their relevance, the Court may reconsider this ruling.

The Court reserves ruling with regard to Item 16, expert testimony of which the Government has not filed a notice of intent to use.

Defendant also seeks to exclude "Defendants' status" without elaborating on what that status might be. Docket 47, Item 19. The Court does not understand this request, and for that reason it denies Defendant's motion to exclude.

Item 20 that Defendant seeks to exclude is comments "by either Defendant, while being recorded by the audio feature of the video tape in the trooper's vehicle." Docket 47. With regard to the statements made by Defendant Sutherland, the Court believes that these statements are admissible under Federal Rule of Evidence 801(d)(2)(A) as admissions of a party. Further, such statements are certainly relevant and probative to the issues before the jury. See Fed. R. Evid. 401, 403. Thus, the audio tape of Defendant Sutherland's own statements is admissible, and Defendant's motion with respect to this piece of evidence is denied.

With regard to the audio tape portion which includes statements from Defendant Henley, this question is discussed below. Also discussed below

is the admissibility of other statements made by Defendant Henley.  See Docket 47, Item 23.

### 3.   Statements by Co-Defendant Henley

In her first and second motions in limine, Defendant seeks to exclude statements from Defendant Henley.  The Court is unclear just what statements the Government may seek to introduce; however, at a minimum, they would seem to include Henley's statements during the traffic stop, as well as subsequent statements by Henley made to law enforcement.

Federal Rule of Evidence 801(d)(2)(E) provides that statements which are made "by a coconspirator of a party during the course and in furtherance of the conspiracy" are not hearsay.  Courts are to interpret the phrase "in furtherance of" broadly.  United States v. Jordan, 260 F.3d 930, 933 (8th Cir. 2001).  However, "[a] statement that simply informs a listener of the declarant's criminal activities is not made in furtherance of the conspiracy; instead, the statement must 'somehow advance the objectives of the conspiracy.'"  United States v. Mitchell, 31 F.3d 628, 632 (8th Cir. 1994) (citing United States v. DeLuna, 763 F.2d 897, 909 (8th Cir. 1985)).

The Court concludes that Henley's statements during and after the traffic stop do not fall within the provisions of Federal Rule of Evidence 801(d)(2)(E), as they were not made "during the course of and in furtherance of the conspiracy."  Here, statements Henley made to law enforcement or to Defendant Sutherland after the car was pulled over were clearly not in furtherance of the conspiracy, since the conspiracy's objectives – to

transport the drugs – had failed.  See CHRISTOPHER B. MUELLER & LAIRD C. KIRPATRICK, FEDERAL EVIDENCE § 8:61(2008) (stating that "[w]hen a conspirator knowingly speaks to law enforcement agents, what he says almost always fails the furtherance requirement"); see also Krulewitch v. United States, 336 U.S. 440, 443, 69 S. Ct. 716, 93 L. Ed. 790 (1949) (stating that statement not in furtherance of a conspiracy's objectives if it is made "after those objectives either had failed or been achieved").  Since Rule 801(d)(2)(E) does not apply, such statements by Henley are inadmissible hearsay, and Defendant's motion is granted.

   Even if this Court were to find that Henley's statements made to law enforcement fall within the limits of Rule 801(d)(2)(E), the Court still would find them to be inadmissible under Crawford v. Washington, since such statements are testimonial and therefore their admission would violate Sutherland's Confrontation Clause rights.  Crawford, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).  "Statements taken by police officers in the course of interrogations are . . . testimonial under even a narrow standard."  Id. at 52; see also Davis v. Washington, 547 U.S. 813, 822, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006) (finding that statements are testimonial when "the primary purpose of the [police] interrogation is to establish or prove past events potentially relevant to later criminal prosecution").  Accordingly, "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine."

Crawford, 541 U.S. at 59.  As the Court does not believe that Defendant Sutherland has had a prior opportunity to cross-examine Henley, this renders Henley's post-traffic-stop statements inadmissible under Crawford.

The Government cites United States v. Reyes in its brief arguing that the Confrontation Clause does not limit possible testimony from a witness who heard a co-conspirator's statements.  Docket 57, page 1.  However, in that case decided shortly after Crawford, the Eighth Circuit mentioned Crawford briefly in a footnote, concluding that it did not apply to the facts at hand since the statements offered were nontestimonial.  362 F.3d 536, 540 n.4 (8th Cir. 2004).  In Reyes, the statements deemed admissible were between a co-conspirator and undercover agents "while the conspiracy was ongoing."  362 F.3d at 540.  In contrast, Henley's statements were made to law enforcement as a result of interrogation and after the conspiracy had failed; therefore, such statements are clearly testimonial, rendering these facts distinguishable from Reyes.[1]  See Crawford, 541 U.S. at 52.

The Court believes that the testimonial nature of Henley's statements during and after the traffic stop trumps his status as a co-conspirator and

---

[1] Since Crawford, some Eighth Circuit courts have stated that the Sixth Amendment is not implicated by admission of statements of co-conspirators. United States v. Singh, 494 F.3d 653, 658-59 (8th Cir. 2007); United States v. Mickelson, 378 F.3d 810, 818-19 (8th Cir. 2004); United States v. Cardarella, No. 07-00007-02, *2 (W.D. Mo. June 4, 2007).  However, like Reyes, these cases involve statements made by co-conspirators in the midst of their conspiracy to other conspirators, confidential informants, or undercover officers, and their holdings are not controlling over statements made to law enforcement which are clearly defined as "testimonial" in Crawford.  Thus, like Reyes, these cases are distinguishable from the facts at hand.

the provisions of Federal Rule of Evidence 801(d)(2)(E), and thus such statements are not admissible absent the Confrontation Clause protections as discussed in Crawford. 541 U.S. at 68-69 (stating that where "testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation"); see also Bruton v. United States, 391 U.S. 123, 137, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968) (finding that admission of a co-defendant's confession violated defendant's confrontation clause rights); United States v. Burns, 432 F.3d 856, 859 (8th Cir. 2005) (concluding that a co-defendant's confession constitutes "incriminating hearsay statements [which] normally would be inadmissible because of [defendant's] right to confront the witnesses against him"); United States v. Baines, 486 F.Supp.2d 1288, 1297-1301 (D.N.M. 2007) (discussing interaction between Fed. R. Evid. 801(d)(2)(E) and Crawford). For these reasons, Defendant's motion to exclude statements made by Defendant Henley is granted.

As stated above, Defendant's first motion in limine is granted with regard to Items 17, 18, 21, and 22. The Court denies the motion to exclude with regard to Items 1-4, 7-10, 19-20, and 24. The Court reserves ruling on the admissibility of Items 5-6 and 11-16. The Court grants Defendant's second motion in limine to exclude statements by Defendant Henley.

Based on the foregoing, it is hereby

ORDERED that Defendant's first motion in limine, Docket 47, is

GRANTED IN PART and DENIED IN PART in accordance with this order.

IT IS FURTHER ORDERED that Defendant's second motion in limine, Docket 52, is GRANTED in accordance with this order.

DATED: November 10, 2008.

BY THE COURT:

/s/ Andrew W. Bogue
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE